ESTATE OF Robert KAW, et al., Plaintiffs, Appellants,

v.

COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES, Defendant/Third–Party Plaintiff, Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary, United States Department of Health & Human Services, Third–Party Defendant, Appellee.

No. 91–1396.

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1991.

Decided Dec. 20, 1991.

Jack Comart with whom Pine Tree Legal Assistance, Inc., Augusta, Me., was on brief, for plaintiffs, appellants.

George Eng, Asst. Regional Counsel, Dept. of Health and Human Services, Washington, D.C., for third-party defendant, appellee.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The question in this case is when the "income (as determined under [42 U.S.C.] § 1382a)" of a "qualified medicare beneficiary" (QMB) exceeds "the official poverty line (as defined by the Office of Management and Budget ...) applicable to a family of the size involved." 42 U.S.C. § 1396d(p).[1] Defendant Commissioner of

---

1. The fuller language reads,

(p) Qualified medicare beneficiary; medicare cost-sharing

(1) The term "qualified medicare beneficiary" means an individual—

. . . . .

(B) whose income (as determined under section 1382a of this title for purposes of the supplemental security income program except as provided in paragraph (2)(D)) does not exceed an income level established by the State consistent with paragraph (2)(A), and

. . . . .

(2)(A) The income level established under paragraph (1)(B) shall be at least the percent provided under subparagraph (B) (but not more than 100 percent) of the official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 9902(2) of this title) applicable to a family of the size involved.

Maine Department of Human Services (M.D.H.S.) takes the combined income of a married couple and measures it against the federal poverty line for a family of two, which is less than twice the federal poverty line for an individual. CSA [Community Service Administration] Income Poverty Guidelines, 45 C.F.R. Ch. X, § 1060.2. Plaintiff Kaw represents a class of couples who would be benefitted by treating them individually because their combined income exceeds the official poverty line for a married couple, but is less than twice the poverty line for an individual.[2] The United States Department of Health and Human Services is included as a defendant because of its interest.

If plaintiff succeeds, certain married couples, who are on Medicare and do not otherwise qualify for Medicaid, would do so to the extent of having Medicaid pay the standard co-payments that Medicare requires from every participant. Under M.D.H.S.'s narrower calculation these couples are not so eligible. The issue was put to a magistrate judge, who granted summary judgment for defendants by finding statutory ambiguity, but resolving it against plaintiffs on the basis of subsequent legislative history. We affirm, but on the basis of finding no ambiguity in the first place.

Section 1060.2–2, *ante, Policy,* provides,

(a) The attached income guidelines are to be used for all those CSA funded programs, whether administered by a grantee or delegate agency, which use CSA poverty income guidelines as admission standards. Any individual or family certified eligible for AFDC or SSI payments is automatically eligible for CSA program services without the need to be separately certified through the application of the attached income guidelines.

These guidelines do not supersede alternative standards of eligibility approved by CSA.

*See, also,* 42 U.S.C. § 9902(2).[3]

Plaintiffs are faced not only with this regulation, but a fresh one.

QMB means an individual who ... (3) Has income as determined in accord with social security methodologies, that does not exceed 100 percent of Federal poverty guidelines.

.56 Fed.Reg. 33077 (1991) (to be codified at 42 C.F.R. § 400.200 (amended)).

For this methodology we turn to 42 U.S.C. § 1382. "Eligibility for benefits," subsection (a)(2). This basically provides for reduction in the case of spouse's income, put in present dollars by § 1060.2, *ante,* and is fatal, unless plaintiffs can avoid its incidence. They seek to do this by citing legislative history, but the predicate for this must be a finding of statutory ambiguity. As we said in *Paris v. Dept. of H.U.D.,* 843 F.2d 561, 569 (1st Cir.1988), quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 702, 66 L.Ed.2d 633 (1981), "When we find the terms of the statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." There are no exceptional circumstances here.

Plaintiff would find ambiguity introduced by the phrase "income (as determined under § 1382a)." That section, entitled "Income; definition of earned and unearned income," contains a lengthy recital of what is, and what is not, income, "For purposes of this subchapter." Although it does not define families, it is in no way

---

**2.** The plaintiffs consist of a class of "[a]ll married individuals in the State of Maine who anytime from January 1, 1989 to the present have been or will become eligible for Medicare Part A benefits, whose resources do not exceed twice the SSI resource limit and whose marital income, divided in half and minus state and federal SSI-related income disregards for an individual, was or is below 85% of the Federal poverty level during the period January 1, 1989 through December 31, 1989, at or below 90% of the Federal poverty level during the period January 1, 1990 through December 31, 1990 and at or below 95% of the Federal poverty level for the period beginning January 1, 1991."

**3.** (2) The term "poverty line" means the official poverty line defined by the Office of Management and Budget based on Bureau of the Census data. The Secretary shall revise the poverty line annually (or at any shorter interval the Secretary deems feasible and desirable) which shall be used as a criterion of eligibility in community service block grant programs.

restricted to individuals, as plaintiffs would suggest, and refers constantly to spouses. It is a singular contention to say that citation of a definitional section of a statute contradicts adoption of a substantive provision. At best, plaintiffs say that citation of the definitions was unnecessary, and therefore must be meaningful. This would be superlative misuse of the redundancy principle. We much prefer to think the reference was to counter Judge Friendly's lament that this legislation is almost "unintelligible to the uninitiated." *Friedman v. Berger*, 547 F.2d 724, 727 n. 7 (2d Cir.1976), *cert. denied*, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977).

Endorsing Judge Friendly, the Court in *Schweiker v. Gray Panthers*, 453 U.S. 34, at 43, 101 S.Ct. 2633, at 2640, 69 L.Ed.2d 460 (1981), described the Social Security Act, and the Medicaid section in particular, as "one of the most complex statutes Congress has ever enacted." The same could be said of the post-legislative history, accompanying its many amendments. At most it is so inconclusive that using all plaintiff's references would be a case of the blind leading the blind to the inevitable ditch. We are content to accept the force of the regulations above cited, and affirm the dismissal of the complaint.

*Affirmed.*